UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 1:98-cr-0153-TWP-MJD-1 |
| | ) | |
| WILLIAM BRUCE CONNOR, | ) | |
| | ) | |
| Defendant. | ) | |

## Magistrate Judge's Report and Recommendation

This matter is before the undersigned according to the Order entered by the Honorable Tanya Walton Pratt, directing the duty magistrate judge to conduct a hearing on the Petition for Warrant or Summons for Offender Under Supervision ("Petition") filed on October 5, 2015, a supplemental petition filed November 5, 2015, and a second supplemental petition dated January 20, 2016 (together, the "Petitions"), and to submit proposed Findings of Facts and Recommendations for disposition under 18 U.S.C. §§ 3401(i) and 3583(e). Proceedings were held on February 9, 2016, in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1]

On February 9, 2016, defendant William Bruce Conner appeared in person with his appointed counsel, Joseph Cleary. The government appeared by James Warden, Assistant United States Attorney. The United States Probation Office ("USPO") appeared by Officer James Thomas, who participated in the proceedings.

---

[1] All proceedings were recorded by suitable sound recording equipment unless otherwise noted. *See* 18 U.S.C. § 3401(e).

1

The court conducted the following procedures in accordance with *Federal Rule of Criminal Procedure* 32.1(a)(1) and 18 U.S.C. § 3583:

1. The court advised Mr. Connor of his right to remain silent, his right to counsel, and his right to be advised of the charges against him. The court asked Mr. Connor questions to ensure that he had the ability to understand the proceedings and his rights.

2. Copies of the Petitions were provided to Mr. Connor and his counsel, who informed the court they had reviewed the Petitions and that Mr. Connor understood the violations alleged. Mr. Connor waived further reading of the Petitions.

3. The court advised Mr. Connor of his right to a preliminary hearing and its purpose in regard to the alleged violations of his supervised release specified in the Petitions. Mr. Connor was advised of the rights he would have at a preliminary hearing. Mr. Connor stated that he wished to waive his right to a preliminary hearing.

4. Mr. Connor stipulated that there is a basis in fact to hold him on the specifications of violations of supervised release as set forth in the Petitions. Mr. Connor executed a written waiver of the preliminary hearing, which the court accepted.

5. The court advised Mr. Connor of his right to a hearing on the Petitions and of his rights in connection with a hearing. The court specifically advised him that at a hearing, he would have the right to present evidence, to cross-examine any witnesses presented by the United States, and to question witnesses against him unless the court determined that the interests of justice did not require a witness to appear.

6. Mr. Connor, by counsel, stipulated that he committed Violation Number 3, 4, and 5 set forth in the Second Supplemental Petition as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| 3 | **"The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer."** |
| | On January 15, 2016, the offender was questioned via phone about his whereabouts, after being found to have left the Residential Reentry Center. He indicated he was at an individual treatment session, which was found to be false. |
| 4 | **"The defendant shall participate in a substance abuse treatment program at the direction of the probation officer, which may include no more than eight drug tests per month. The defendant shall abstain from the use of all intoxicants, including alcohol, while participating in a substance abuse treatment program. The defendant is responsible for paying a portion of the fees of substance abuse testing and/or treatment in accordance with his ability to pay."** |
| | On January 14, 2016, this offender received notice the offender was no longer allowed to return to two of his three group counseling sessions at Indianapolis Counseling Center due to his confrontational, argumentative, and intimating behavior towards his female therapist. Therefore, the offender is no longer engaged in an intensive outpatient level of services. |
| 5 | **"The defendant shall reside until July 5, 2016 at the Residential Reentry Center (RRC) as directed by the probation officer and shall observe the rules of that facility."** |
| | On November 14 and 24, 2015, as well as January 15, 2016, the offender was caught attempting to smuggle unauthorized items in the facility, namely cigarettes and a lighter. |
| | On January 13, 2016, the offender was confronted by an RRC staff member in regards to having an alarm clock going off, which is not allowed. It is reported the offender verbally threated the staff member. |
| | On January 15, 2016, this officer attempted to make contact with Mr. Connor at the RRC to address non-compliant behavior. This officer was informed the offender had left the facility for a therapy appointment. Further investigation found the offender never had a counseling session scheduled, and had submitted a false pass to leave the facility. |

7. The court placed Mr. Connor under oath and directly inquired of Mr. Connor whether he admitted violations 3, 4, and 5 of his supervised release set forth above. Mr. Connor admitted the violations as set forth above. Mr. Connor had previously admitted violations numbered 1 and 1a in the Petitions at an earlier hearing.

8. The Government orally moved to dismiss violation 2 upon approval of the Report and Recommendation.

9. The parties and the USPO further stipulated that:

   (a) The highest grade of Violation (Violation 3) is a Grade C violation (U.S.S.G. § 7B1.1(a)(2)).

   (b) Mr. Connor's criminal history category is V.

   (c) The range of imprisonment applicable upon revocation of Mr. Connor's supervised release, therefore, is 7 - 13 months' imprisonment. (*See* U.S.S.G. § 7B1.4(a).)

10. The parties jointly recommended a sentence of 12 months and 1 day with no supervised release to follow with defendant being placed in immediate custody.

The Court, having heard the admissions of the defendant, the stipulations of the parties, and the arguments and position of each party and the USPO, **NOW FINDS** that the defendant, WILLIAM BRUCE CONNOR, violated the above-specified conditions in the Petitions and that his supervised release should be and therefore is **REVOKED**, and he is sentenced to the custody of the Attorney General or his designee for a period of twelve (12) months and one (1) day with no supervised release to follow. The defendant is to be taken into immediate custody.

Counsel for the parties and Mr. Connor stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge=s Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. ' 636(b)(1)(B) and (C); and, Federal Rules of Criminal Procedure 59(b)(2).

Counsel for the parties and Mr. Connor entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. ' 3561 *et seq.* and Rule 32.1 of the Federal Rules of Criminal Procedure and may reconsider the Magistrate Judge=s Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which she may reconsider.

WHEREFORE, the magistrate judge **RECOMMENDS** the court adopt the above recommendation revoking Mr. Connor's supervised release, imposing a sentence of imprisonment of twelve (12) months and one (1) day, with no supervised release to follow. The defendant is to be taken into immediate custody.

IT IS SO RECOMMENDED.

Date: February 22, 2016

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email generated by the court's ECF system

United States Probation Office, United States Marshal